**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JESSICA DEMSKO, individually and on behalf of all others similarly situated, | CIVIL ACTION |
| Plaintiff(s), | |
| v. | COMPLAINT 4:19-cv-02637 |
| CREDIT CORP SOLUTIONS, INC. d/b/a TASMAN CREDIT, | JURY TRIAL DEMANDED |
| Defendant. | |

**CLASS ACTION COMPLAINT**

Now Comes Plaintiff, JESSICA DEMSKO ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorney, and brings this Complaint against Defendant CREDIT CORP SOLUTIONS, INC. d/b/a TASMAN CREDIT ("Defendant"):

**I.   Parties, Jurisdiction and Venue**

1.      Plaintiff is a resident of St. Louis, Missouri and has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

2.      Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

3.      Defendant is incorporated in Utah, with its principal place of business located at 121 West Election Road, Ste 200, Draper, Utah 84020.

4.      Defendant is a debt collector as defined by Section 1692a(6) of the FDCPA because Defendant's primary business is the collection of delinquent debts.

5.      Defendant regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to third-parties.

6.      Upon information and belief, Defendant also purchases and attempts to collect defaulted debts from original creditors.

7.      This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

8.      Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because Defendant's emails were sent to an email address within this District.

9.      When Defendant sent the subject emails to Plaintiff's email address, it had Plaintiff's residential address in its records and accordingly knew that it was sending an email to a resident within this District.

10.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because Defendant routinely collects consumer debts in this District by sending emails to residents of this District.

11.     Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because Defendant, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

12.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

## II.     Background Allegations

### A.  The Subject Debt

13.     Prior to the conduct  giving rise to these claims, Plaintiff obtained credit through Care Credit (the "Subject Debt").

14.    Plaintiff incurred the Subject Debt for personal and household expenses.

15.    The Subject Debt fell into a default status after Plaintiff fell into circumstances that prevented her from making payments on the Subject Debt.

16.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Defendant regarded her as a "person obligated or allegedly obligated to pay" the Subject Debt.

17.    As detailed below, Defendant regarded Plaintiff as a "person obligated or allegedly obligated to pay" the Subject Debt by sending Plaintiff's emails in an attempt to cause Plaintiff to pay the Subject Debt.

### B.  The Initial Email

18.    Defendant sent an email to Plaintiff dated 7/5/19 (hereafter the "Initial Email").

19.    On information and belief, the Initial Email was Defendant's first substantive written communication to Plaintiff regarding the Subject Debt.

20.    The relevant portion of the Initial Email is depicted below:

**"From:** <contact@CreditCorpSolutionsInc.com>
**Date:** July 5, 2019 at 9:55:52 AM CDT
**To:** <JLDEMSKO@GMAIL.COM>
**Subject: Business matter for Jessica Demsko - DT: 30430273**

Dear Jessica Demsko,

I have been attempting to contact you in relation to an important business matter of yours with Credit Corp. There is an outstanding balance and due to non-payment this account is eligible for referral to our Pre-Legal Department.

We have made attempts to reach you in regards to this matter and we have been unsuccessful. I have a number of options available to assist you if you are unable to pay in full.

Please contact me to discuss the payment options. Our opening hours are 6am-7:30pm MST Monday-Thursday, and 6am-5:30pm MST Friday. I can be reached directly at 213-833-2683 or toll free at: 800-483-2361 ext 2683.


Yours faithfully,

Feliza Martineau
Customer Relationship Manager

**Credit Corp Solutions Inc.**

**(Also licensed in certain jurisdictions as Tasman Credit Corp and Tasman Credit)**

Tel: 213 833 2683 Fax: 855 323 1872

**You can now manage your account online anywhere, anytime. Simply login to your account by clicking** www.creditcorponline.com/selfservice.

**STATEMENT OF CONFIDENTIALITY**

The information contained in this electronic message and any attachments are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521) are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. No representation is made on the accuracy or completeness of the information contained in this electronic message. Certain assumptions may have been made in the preparation of this material as at this date, and are subject to change without notice. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment (s) is strictly prohibited. Please reply to the sender and destroy all copies of this message and any attachments from your system.

**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

21.     The Initial email was an attempt to collect the Subject Debt.

22.     The Initial Email informed Plaintiff that she has an "outstanding balance" in relation to the Subject Debt.

23.     The Initial Email told Plaintiff "due to non-payment this account is eligible for referral to our Pre-Legal Department."

24.     In 12 point, bold, Times Roman font the Initial Email alerted Plaintiff to the fact that Defendant was acting as a debt collector in an attempt to collect a debt.

25.     The formatting of this language is depicted below:

**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

4

(Hereafter the "Debt Collector Disclosure").

26.     When Plaintiff received the Initial Email, her attention was drawn to the phrase "[t]here is an outstanding balance and due to non-payment this account is eligible for referral to our Pre-Legal Department".

27.     When Plaintiff received and read the Initial Email she knew that it was factually accurate to the extent she knew she owed an outstanding balance and that her payment status with regard to the Subject Debt was one of "non-payment."

28.     Thereafter, Plaintiff read the remainder of the Initial Email and the Debt Collector Disclosure.

29.     After reading the Debt Collector Disclosure, Plaintiff understood the words to mean that Defendant *is a law firm* and that Defendant, as a law firm, was attempting to collect the Subject Debt.

30.     After reading the Initial Email, Plaintiff became fearful and nervous.

31.     Thereafter, Plaintiff reasonably believed that a law firm was attempting to collect the Subject Debt.

32.     In an effort to understand what, if any, rights she had, Plaintiff sought out and obtained legal counsel.

33.     Plaintiff seeks to represent a class of least sophisticated consumers residing within this Judicial District.

34.     From the perspective of a least sophisticated consumer, Defendant's use of the words "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure created a *false representation* that Defendant is a law firm.

35.     From the perspective of a least sophisticated consumer, Defendant's use of the words "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure improperly created a sense of urgency with regard to a least sophisticated consumer's review of the Initial Email.

36.     Defendant's use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure was intended to cause a least sophisticated consumer to believe that it was operating as a law firm.

37.     Defendant's use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure caused Plaintiff to believe that Defendant was acting as a law firm.

38.     In reality, Defendant is not a law-firm.

39.     In reality, on information and belief, Defendant had not determined at the time of the Initial Email that the Subject Debt "[wa]s eligible for referral to our Pre-Legal Department."

40.     Defendant sent the Initial Email to Plaintiff in an attempt to collect a debt.

41.     Defendant's use of the words "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure violated the FDCPA because these word were utilized together to manufacture a false sense of urgency to least sophisticated consumers.

42.     Defendant's use of the words "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure violated the FDCPA because these words were utilized together to manufacture a false sense of urgency to least sophisticated consumers with regard to the underlying debts being "eligible for referral to our Pre-Legal Department."

43.     Defendant's use of the words "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure violated the FDCPA because these words were utilized together to falsely suggest to least sophisticated consumers that Defendant was operating as a debt collection law firm.

44.     Defendant's use of the words "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure violated the FDCPA because these words were utilized together to manufacture a false sense of urgency to least sophisticated consumers for the purpose of inducing least sophisticated to repay the subject debt.

45.     Defendant's use of the words "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure falsely suggested to least sophisticated consumers that the email is a communication from a law firm.

46.     Defendant intended to and did cause Plaintiff to believe that the email was a communication from a law firm.

47.     Upon information and belief, Defendant routinely sends such emails in an attempt to cause least sophisticated consumers to believe that Defendant is a law firm in order to scare and/or intimidate consumers into paying their debts.

48.     Upon information and belief, Defendant routinely sends such emails in an attempt to cause least sophisticated consumers to believe that Defendant's communication is from an attorney in order to scare and/or intimidate consumers into paying their debts.

49.     The use of the words "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure had a material effect on Plaintiff and other least sophisticated consumers because after reading these words, Plaintiff and others like her:

    a.   became fearful and nervous;

      b.  reasonably believed that a law firm was attempting to collect the Subject Debt; and

      c.  like Plaintiff, others sought out and obtained legal counsel.

50.    Upon information and belief, Defendant has determined that it collects more money from consumers when it sends emails that use the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure.

51.    Furthermore, the Initial email did not notify Plaintiff of her rights pursuant to 15 U.S.C. Section 1692g.

52.    Section 1692g(a) specifically requires a debt collector, "within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

53.    Failing to inform a consumer of his or her Section 1692g rights is a material omission in violation of the FDCPA.

54.    After sending Plaintiff the Initial Email, Defendant sent Plaintiff another email dated 7/11/2019, in an attempt to collect the Subject Debt (hereafter the "7/11/2019 Email").

55.    The 7/11/2019 Email contains the same words and phrases at the Initial Email.

56.    Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, emotional distress, mental anguish, anxiety, and loss of concentration.

57.    Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### III.    Causes of Action

### Count I – Defendant's Emails Violate Section 1692e of the FDCPA

58.    Plaintiff realleges the above paragraphs as though fully set forth herein.

59.    Section 1692e of the FDCPA generally prohibits a debt collector from using, "false, deceptive, or, misleading representation or means in connection with the collection of any debt."

60.    Defendant's use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure in both emails referred to above, violates Section 1692e of the FDCPA because Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61.    Defendant intended to and did deceive Plaintiff into believing Defendant is a law firm by including the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure in the both emails that were sent to Plaintiff.

62.    The phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure were used by Defendant to create a false sense of urgency to the least sophisticated consumer who read the subject emails.

63.    Defendant used such unlawful conduct in order to urge and scare Plaintiff and other least sophisticated consumers into paying the Subject Debt.

64.    Defendant's drafting and use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure was intentionally done in order to mislead Plaintiff into believing that Defendant is a law firm in order to create a false sense of urgency.

65.    In reality, despite what the Initial Email and others like it said, no analysis had been conducted to determine whether the Subject Debt and others like it were truly "eligible for referral to [Defendant's] Pre-Legal Department".

66.    In fact, the Subject debt and others like it were not "eligible for referral to [Defendant's] Pre-Legal Department".

67.    Defendant's use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Disclosure, the absence of disclosing to Plaintiff and others their rights pursuant to Section 1692g was intentionally done to create a false sense of urgency regarding their debts for the purpose of scaring Plaintiff and others into paying their debts.  This conduct violates Section 1692e of the FDCPA.

68.    On information and belief, at least 40 persons known by Defendant to have a physical address located within this District were sent collection emails by Defendant where the collection email used the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure within one year of the filing of this lawsuit.

69.    Defendant's use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Collector Disclosure satisfy the elements of typicality, commonality, predominance and superiority.

70.     On information and belief, consumers may have paid their debts as a result of Defendant's above violations of the FDCPA.

71.     Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All consumers with addresses located within this District who were sent a debt collection email by the Defendant, where the debt collection emails used phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and disclosed to consumers "**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**."

72.     The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

73.     The proposed class members can be ascertained by Defendant's records.

74.     Alternatively, the proposed class consists of:

> All consumers with addresses located within the State of Missouri who were sent a debt collection email by the Defendant, where the debt collection emails used phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and disclosed to consumers "**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**."

75.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.  declare that Defendant's emails violate the FDCPA;

b.  enjoin Defendant from using the subject emails in conjunction with any future collections;

c.  award Plaintiff statutory damages of up to $1,000;

d.  award class members actual damages if they paid their subject debts after receiving collection emails similar to the subject emails sent by Defendant;

    e.    award class members maximum statutory damages; and

    f.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

### Count II – Defendant's Emails Violate Section 1692e(2)(A) of the FDCPA

76.    Plaintiff realleges the above paragraphs as though fully set forth herein.

77.    Section 1692e(2)(A) of the FDCPA specifically prohibits a debt collector from "making a false representation of . . . the character . . . or legal status of any debt[.]"

78.    The use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Disclosure in both emails referred to above violates Section 1692e(2)(A) of the FDCPA because as an unsophisticated consumer like Plaintiff reasonably believed the emails were from a law firm.

79.    Defendant's use of the "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Disclosure was intentionally done in order to mislead Plaintiff into believing that Defendant is a law firm in order to create a false sense of urgency regarding the "character" of the Subject Debt.

80.    Defendant's use of the words "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Disclosure was intentionally done in order to mislead Plaintiff into believing that Defendant is a law firm in order to create a false sense of urgency regarding the "legal status" of the Subject Debt.

81.    Defendant's use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Disclosure, in the absence of disclosing to Plaintiff and others their rights pursuant to Section 1692g was intentionally done to create a false sense of urgency regarding their debts for the purpose of scaring Plaintiff and others into paying their debts. This conduct violates Section 1692e(2)(A) of the FDCPA.

82.    In reality, despite what the Initial Email and others like it said, no analysis had been conducted to determine whether the Subject Debt and others like it were truly "eligible for referral to [Defendant's] Pre-Legal Department".

83.    In fact, the Subject debt and others like it were not "eligible for referral to [Defendant's] Pre-Legal Department".

84.    On information and belief, at least 40 residents from this District were sent collection emails by Defendant where the collection emails used the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Disclosure within one year of the filing of this lawsuit.

85.    Defendant's use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" satisfy the elements of typicality, commonality, predominance and superiority.

86.    On information and belief, consumers may have paid their debts as a result of Defendant's above violations of the FDCPA.

87.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All consumers with addresses located within this District who were sent a debt collection email by the Defendant, where the debt collection emails used phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and disclosed to consumers "**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**."

88.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

89.    The proposed class members can be ascertained by Defendant's records.

90.    Alternatively, the proposed class consists of:

All consumers with addresses located within the State of Missouri who were sent a debt collection email by the Defendant, where the debt collection emails used phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and disclosed to consumers "**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**."

91.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.    declare that Defendant's emails violates the FDCPA;

b.    enjoin Defendant from using the subject emails in conjunction with any future collection efforts;

c.    award Plaintiff statutory damages of up to $1,000;

d.    award class members actual damages if they paid their subject debts after receiving collection emails from Defendant;

e.    award class members maximum statutory damages; and

f.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III – Defendant's Emails Violate Section 1692e(3) of the FDCPA**

92.    Plaintiff realleges the above paragraphs as though fully set forth herein

93.    Section 1692e(3) of the FDCPA specifically prohibits a debt collector from making a "false representation or implication that any individual is an attorney or that any communication is from an attorney."

94.    The use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Disclosure in both emails referred to above violates

14

Section 1692e(3) of the FDCPA because as an unsophisticated consumer Plaintiff believed the communications were from a law firm.

95.     In reality, despite what the Initial Email and others like it said, no analysis had been conducted to determine whether the Subject Debt and others like it were truly "eligible for referral to [Defendant's] Pre-Legal Department".

96.     In fact, the Subject Debt and others like it were not "eligible for referral to [Defendant's] Pre-Legal Department".

97.     On information and belief, at least 40 residents from this District were sent collection emails by Defendant where the collection emails used the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Disclosure within one year of the filing of this lawsuit.

98.     Defendant's use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Disclosure in both emails referred to above violates Section 1692e and in particular Section 1692e(3) of the FDCPA because these words intended to create, and do create, false representation that the emails are communications from a law firm to so-called least sophisticated consumers.

99.     On information and belief, at least 40 residents from this District were sent collection emails by Defendant where the collection emails used the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Disclosure within one year of the filing of this lawsuit.

100.    Defendant's use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" satisfy the elements of typicality, commonality, predominance and superiority.

101.    On information and belief, consumers may have paid their debts as a result of Defendant's above violations of the FDCPA.

102.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All consumers with addresses located within this District who were sent a debt collection email by the Defendant, where the debt collection emails used phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and disclosed to consumers "**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**."

103.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

104.    The proposed class members can be ascertained by Defendant's records.

105.    Alternatively, the proposed class consists of:

> All consumers with addresses located within the State of Missouri who were sent a debt collection email by the Defendant, where the debt collection emails used phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and disclosed to consumers "**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**."

106.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.  declare that Defendant's emails violates the FDCPA;

b.  enjoin Defendant from using the subject emails in conjunction with any future collection efforts;

c.  award Plaintiff statutory damages of up to $1,000;

d.  award class members actual damages if they paid their subject debts after receiving collection emails from Defendant;

   e.   award class members maximum statutory damages; and

   f.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

### Count IV – Defendant's Emails Violate Section 1692f of the FDCPA

107.   Plaintiff realleges the above paragraphs as though fully set forth herein.

108.   Section 1692f of the FDCPA specifically prohibits a debt collector from "us[ing] any unfair or unconscionable means to collect or attempt to collect any debt."

109.   The use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Disclosure in both emails referred to above violates Section 1692f of the FDCPA because it was unfair and unconscionable for Defendant to use the above language to suggest to an unsophisticated consumer like Plaintiff that the subject emails were from a law firm.

110.   Defendant's use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Disclosure, in the absence of disclosing to Plaintiff and others their rights pursuant to Section 1692g was intentionally done to create a false sense of urgency regarding their debts for the purpose of scaring Plaintiff and others into paying their debts.  This conduct violates Section 1692f of the FDCPA.

111.   Defendant's use of the "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Disclosure was intentionally done in order to mislead Plaintiff into believing that Defendant is a law firm in order to create a false sense of urgency regarding the "legal status" of the Subject Debt.

112.   In reality, despite what the Initial Email and others like it said, no analysis had been conducted to determine whether the Subject Debt and others like it were truly "eligible for referral to [Defendant's] Pre-Legal Department".

113.   In fact, the Subject Debt and others like it were not "eligible for referral to [Defendant's] Pre-Legal Department."

114.   On information and belief, at least 40 residents from this District were sent collection emails by Defendant where the collection emails used the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and the Debt Disclosure within one year of the filing of this lawsuit.

115.   Defendant's use of the phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" satisfy the elements of typicality, commonality, predominance and superiority.

116.   On information and belief, consumers may have paid their debts as a result of Defendant's above violations of the FDCPA.

117.   Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All consumers with addresses located within this District who were sent a debt collection email by the Defendant, where the debt collection emails used phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and disclosed to consumers "**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**."

118.   The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

119.   The proposed class members can be ascertained by Defendant's records.

120.   Alternatively, the proposed class consists of:

> All consumers with addresses located within the State of Missouri who were sent a debt collection email by the Defendant, where the debt collection emails used phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and disclosed to consumers "**THIS FIRM IS**

**A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**."

121.　Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.　declare that Defendant's emails violates the FDCPA;

b.　enjoin Defendant from using the subject emails in conjunction with any future collection efforts;

c.　award Plaintiff statutory damages of up to $1,000;

d.　award class members actual damages if they paid their subject debts after receiving collection emails from Defendant;

e.　award class members maximum statutory damages; and

f.　award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V – Defendant's Emails Violate Section 1692g(a) of the FDCPA**

122.　Plaintiff realleges the above paragraphs as though fully set forth herein.

123.　Defendant violated section 1692g(a) through its initial written communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer.

124.　Despite the foregoing, Defendant through its initial written communication sought payment of the Subject Debt from Plaintiff via email and failed to adequately inform Plaintiff of her right to dispute the validity of the Subject Debt within five days of the initial communication.

125.　As an experienced debt collector, Defendant knew or should have known the ramifications of not sending a validation notice within five (5) days of the initial communication pursuant to section 1692g(a).

126.    Defendant's failure to properly notify consumers, like Plaintiff, of their rights under §1692g(a) is a violation of the FDCPA.

127.    At least 40 persons with addresses within this District were sent collection emails by Defendant where the collection emails failed to notify the consumers of their rights under Section 1692g(a) of the FDCPA within one year of the filing of this lawsuit.

128.    Defendant's failure to notify consumers of their rights under section 1692g(a) of the FDCPA satisfies the elements of typicality, commonality, predominance and superiority.

129.    On information and belief, consumers may have paid or did not disputed their debts as a result of Defendant's above violations of the FDCPA.

130.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All consumers with addresses located within this District who were sent a debt collection email by the Defendant, where the debt collection emails used phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and disclosed to consumers "**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**."

131.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

132.    The proposed class members can be ascertained by Defendant's records.

133.    Alternatively, the proposed class consists of:

> All consumers with addresses located within the State of Missouri who were sent a debt collection email by the Defendant, where the debt collection emails used phrase "due to non-payment this account is eligible for referral to our Pre-Legal Department" and disclosed to consumers "**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**."

134.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

   a.   declare that Defendant's emails violate the FDCPA;

   b.   award Plaintiff statutory damages of up to $1,000;

   c.   award class members actual damages if they paid their subject debt after receiving a collection email from Defendant where Defendant failed to notify them of their rights under Section 1692g(a) of the FDCPA;

   d.   award class members maximum statutory damages; and

   e.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

*Plaintiff demands a jury trial*

Respectfully submitted, on behalf of

Plaintiff JESSICA DEMSKO individually
and on behalf of all others similarly situated,

/s/ James C. Vlahakis
James C. Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456 telephone
jvlahakis@sulaimanlaw.com